DECISION AND JUDGMENT ENTRY
{¶ 1} Harmon C. Huntley appeals his sentence from the Hocking County Common Pleas Court on three counts of gross sexual imposition. Huntley contends the trial court erred in imposing consecutive sentences for three reasons. First, Huntley contends the trial court improperly considered the facts behind the dismissed rape charges when it sentenced him. However, following a plea bargain, trial courts may properly consider facts supporting a more serious charged offense so long as the sentence is within the statutory limits of the pled offense. Huntley also argues that the United States Supreme Court's opinion in Apprendi v. NewJersey, which held that "other than * * * a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury," applies to Ohio's statutory scheme. Since the trial court sentenced Huntley within the statutory parameters allowed for his conviction, Apprendi is inapplicable. Finally, Huntley argues consecutive sentences are disproportionate to the seriousness of his conduct. Because Huntley failed to establish disproportionality and our review of the record reveals the trial court made all of the required statutory findings, it did not err in imposing consecutive sentences.
 {¶ 2} The Hocking County Grand Jury indicted Huntley on three counts of rape, two counts of gross sexual imposition and one count of disseminating matter harmful to juveniles. Huntley agreed to plead no contest to three counts of gross sexual imposition and the state agreed to dismiss the remaining charges. The trial court held a combined sexual predator classification and sentencing hearing where it classified Huntley as a sexually oriented offender, sentenced him to four years on each count and ordered that the sentences run consecutively. Huntley appealed his sentence and we remanded the case for re-sentencing under R.C.2929.14(E)(4).[1] See State v. Huntley, Hocking App. No. 01CA18, 2002-Ohio-2035 (Huntley I). On remand, the trial court again sentenced Huntley to three consecutive four-year terms of imprisonment. Once again, Huntley appeals his sentence and assigns the following error: (I) The trial court erroneously imposed consecutive sentences in violation of Ohio Revised Code § 2929.14. (A) Findings which extend the defendant's sentence beyond the maximum sentence must be proven by the state beyond a reasonable doubt pursuant to Apprendi v. New Jersey, [sic] (2000), 530 U.S. 466.
(B) The state has failed to show by a lower standard, preponderance of the evidence the requisite findings of Ohio Revised Code § 2929.14
justifying consecutive sentences.
(1) The trial court improperly considered factors relating to dismissed charges that were not part of the agreed statement of facts. (2) A review of similar cases shows that consecutive sentences are disproportionate to the seriousness of the offender's conduct.
 {¶ 1} In his three-pronged assignment of error, Huntley contends the trial court erred in imposing consecutive sentences. In the second prong of his argument, Huntley contends the court improperly considered facts outside of the plea agreement when it made the statutorily required findings for consecutive sentences.
 {¶ 2} R.C. 2953.08(A)(4)[2] provides for an appeal if a sentence is contrary to law. If we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law, we may increase, reduce, modify or vacate the sentence. R.C.2953.08(G)(1). In this context, we do not substitute our judgment for that of the trial court nor do we simply defer to its discretion. Statev. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we will look to the record to determine whether the sentencing court: 1) considered the statutory factors; 2) made the required findings; 3) relied on substantial evidence in the record to support those findings; and 4) properly applied the statutory guidelines. See State v. Dunwoody
(Aug. 5, 1998), Meigs App. No. 97CA11 citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 3} Under the new sentencing statutes, Ohio trial courts generally must impose concurrent prison sentences. See R.C. 2929.41(A). But trial courts may impose consecutive sentences under R.C. 2929.14(E)(4) when: "[t]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: * * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. * * *"
 {¶ 1} This inquiry involves a "tripartite procedure." State v.Haugh (Jan. 24, 2000), Washington App. No. 99CA28. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender"; second, the court must find that the consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger" he poses; and finally, the court must find the existence of one of the three enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id.
¶ 2 The sentencing court must also comply with R.C.2929.19(B)(2)(c), which requires the court to "make a finding that gives its reasons for selecting the sentence imposed * * * if it imposes consecutive sentences under section 2929.14 of the Revised Code." Therefore, in addition to making the findings required under R.C.2929.14(E)(4), the court must also justify those findings by identifying specific reasons supporting the imposition of the consecutive sentences.State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21.
 {¶ 3} In his first appeal, we held that the sentencing court complied with the first and third prongs of the statutory analysis. SeeHuntley I. Therefore, this appeal only concerns the second prong of the consecutive sentencing statutory analysis.
 {¶ 4} On remand, after the court incorporated all of its previous findings and the various victim impact statements, Huntley objected to portions of the pre-sentence investigation report (PSI). Huntley alleged that the PSI contained factual inaccuracies because it included facts supporting the dismissed rape charges. Before proceeding, the court verified (and both parties agreed) that the plea agreement did not include an additional term that limited the court to the stipulated facts when sentencing Huntley. At this point, the court offered Huntley the opportunity to introduce evidence to support his objections but he declined. The court then stated: "[t]he Court finds as follows. The consecutive sentences are not disproportionate to the seriousness of Mr. Huntley's conduct and the danger he poses. In regards to the statements objected to by the defense, I make a finding that the allegations in the PSI are true. I will take those matters into account."
However, the court also stated: "I believe there are other substantial factors that weren't objected to that are clearly enough to prove the sentences being consecutive would not be disproportionate to the seriousness of his conduct and the danger he poses. I specifically find that the defendant prepared his victims by showing them filthy movies. * * * [T]he fact that he asked them to kiss each other in their private parts. I find that's true. I find that he would forcibly place his finger and penis inside his victims, causing great pain and drawing blood. His utter disregard for the pain and humiliation indicates a depraved mind, which stops at nothing to satisfy his lust."
Later, the sentencing court also stated: "These are very small children. One of them was four at the time. He had her take her clothes off, fondled her genital area with his hands and had her touch his genitals. On another occasion, he had a five-year-old take his clothes off, fondled his penis for some time and his bottom, and had him touch Mr. Huntley's bare genitals. On another occasion, he had two toddlers take off their clothes, touch each others genitals, place them in an intercourse position and have them kiss each other while he watched. These are children that trusted him previously and considered him their grandfather, called him their grandfather. That's all in the agreed statement of facts. The Court finds he is likely to pray upon very young children in the future unless his sentences are aggregated and the conduct so horrible in these three incidents in a short period of time they are not — that consecutive sentences are not disproportionate to the seriousness of his conduct and danger he poses. Therefore, the Court imposes the same sentence with these specific findings." While the court referred to "other substantial factors that weren't objected to," it is clear to us that the court placed some emphasis on the facts supporting the dismissed rape charges when it sentenced Huntley.
 {¶ 1} Huntley does not argue that the sentencing court failed to comply with R.C. 2951.03, which governs objections to alleged factual inaccuracies in a PSI.[3] Rather, he argues that the stipulated facts from the plea agreement form the only factual basis that the court may consider when making its statutorily required findings in support of consecutive sentences. Therefore, Huntley contends that the sentencing court could not consider facts supporting the dismissed rape charges when it sentenced him in this case.
 {¶ 2} Huntley relies on four Eighth District cases in support of his argument. See State v. Russo (May 31, 2001), Cuyahoga App. No. 78096; State v. Smith (Aug. 3, 2000), Cuyahoga App. No. 76919; State v.Gipson (May 20, 1999), Cuyahoga App. No. 75369; State v. Wells (Mar. 22, 1999), Cuyahoga App. No. 73977. However, these four cases are not persuasive in light of the Eighth District's recent decisions in State v.Frankos (Aug. 23, 2001), Cuyahoga App. No. 78072 and State v. Elder, Cuyahoga App. No. 80677, 2002-Ohio-3797 (quoting and applying the reasoning in Frankos). In Frankos, the grand jury indicted the defendant on two counts of rape. However, the defendant later pled guilty to one count of aggravated assault and the state dismissed the rape charges. The court sentenced the defendant to the maximum sentence allowed for aggravated assault and ordered that he serve this sentence consecutive to the sentence imposed for his probation violation. In making the required statutory findings necessary to support these sentences the court took into account the facts supporting the dismissed rape charges. In affirming the defendant's sentence, the Eighth District relied on the concept of "real offense sentencing" promoted by Griffin and Katz, Ohio Felony Sentencing Law (2000 Ed.) at 545-46. Therefore, the Eighth District, the only district Huntley cites for support, now adopts the approach Huntley argues against here.
 {¶ 3} In their treatise, Griffin and Katz discuss the concept of "real offense sentencing." See Griffin Katz, Ohio Felony Sentencing Law (2002 Ed.) at 545-46. There, Griffin and Katz state: "Notwithstanding that an offense has been plea bargained to a lesser offense, pre-sentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts even though such facts may be inconsistent with a plea bargain. * * * Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense. Thus, seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose." Under the concept of "real offense sentencing" a defendant receives the benefit of his plea when his sentence is within the statutory parameters of the pled offense. Therefore, sentencing courts may consider the real facts behind a plea agreement when sentencing a defendant.
 {¶ 1} A defendant's plea to a lesser charge is not a statutory factor under the felony sentencing guidelines. State v. Murphy, Meigs App. No. 00CA13, 2001-Ohio-2461. However, following a plea agreement, courts must look at the totality of the circumstances when determining the seriousness of an offender's conduct. Id.; State v. Coleman, Meigs App. No. 00CA10, 2001-Ohio-2436 citing State v. Garrard (1997),124 Ohio App.3d 718, 722, 707 N.E.2d 546. See, also, R.C. 2929.12(A) (stating that the sentencing court may consider "any other factors that are relevant to achieving" the purposes and principles of sentencing).
 {¶ 2} Real offense sentencing allows sentencing courts to take into account the true facts of a case even though a plea bargain may result in a more lenient charge. This is one of those cases. The grand jury indicted Huntley on two counts of rape, two counts of gross sexual imposition and one count of disseminating matter harmful to juveniles. Instead of taking his case to trial, Huntley pled no contest to three counts of gross sexual imposition. By doing so, Huntley lowered his possible maximum sentence by more than thirty years. However, because real offense sentencing is permissible, Huntley cannot escape the true facts of his offense. For example, the PSI included a doctor's report and various victim impact statements, which supported a finding that Huntley's conduct more closely resembled rape, rather than gross sexual imposition. Therefore, Huntley received the benefit of his plea bargain because the court sentenced him within the statutory parameters for his pled offenses, i.e., gross sexual imposition, and he avoided a possible, additional prison term of thirty years under the rape charges. The sentencing court did not err in considering the true facts behind Huntley's offenses.
 {¶ 3} In the first prong of his argument, Huntley contends the United States Supreme Court's decision in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, controls the outcome here. Apprendi involved a New Jersey statute that allowed judges, at sentencing, to elevate convicted offenses to a higher degree with a finding supported only by the preponderance of the evidence. Apprendi,530 U.S. at 491. The Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.
 {¶ 4} Huntley pled no contest to three counts of gross sexual imposition, each a third-degree felony. R.C. 2907.05(A)(4) and R.C.2907.05(B). If a court chooses to imprison for a third-degree felony, it may order a sentence of one, two, three, four or five years. R.C.2929.14(A)(3). Prior to pleading no contest, Huntley faced a possible, maximum sentence of forty-five years, six months. By pleading no contest, Huntley guaranteed himself a possible, maximum sentence of fifteen years. The court's twelve-year sentence is clearly not "beyond the prescribed statutory maximum" penalty. Therefore, like other districts who have addressed this issue, we find Apprendi inapplicable to Ohio's sentencing scheme, so long as the sentence is not outside the possible, maximum sentence for the crime to which the defendant pleads. See State v. Carter, Lucas App. No. CR-99-2248, 2002-Ohio-3433; State v.Seese, Lorain App. Nos. 01CA007852, 01CA007889, 2002-Ohio-1998; State v.Brown, Montgomery App. No. 18643, 2002-Ohio-277; and State v. Neal (Aug. 13, 2001), Stark App. No. 2001CA00067.
 {¶ 5} In the final prong of his argument, Huntley contends his sentence is disproportionate to the seriousness of his conduct. To support his argument, Huntley compares his three consecutive four-year sentences with sentences in Cuyahoga and Hamilton County. The party claiming the disproportionality in sentencing has the burden of establishing it. State v. Hanson, Lucas App. No. L-01-1217, 2002-Ohio-1522; Griffin Katz, Ohio Felony Sentencing Law (2002 Ed.) at 583. Moreover, "a compilation of many cases from within the reviewing district is more likely to be a valid demonstration of prevailing practices than are idiosyncratic examples from other districts." Griffin Katz, at 585. So long as the court considers the appropriate sentencing factors, the legislature vests it with "discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A).
 {¶ 6} Huntley has failed to carry his burden because he has not cited any cases from our district that illustrate how his sentence is disproportionate to the seriousness of his offense. In addition, a review of R.C. 2929.12(B) and (C) reveals that Huntley's offenses are significantly more serious than the normal offense. For example, both of Huntley's victims were young children who suffered serious physical and psychological injury due to his conduct. R.C. 2929.12(B)(1) and (2). Huntley also abused the trust of the victims and their parents because, although not related, the family considered him a grandfather figure; therefore, his relationship facilitated the offenses. R.C. 2929.12(B)(7). Sentencing courts may also consider "any other factors that are relevant to achieving [the] purposes and principles of sentencing." R.C. 2929.12(A). Therefore, the sentencing court properly considered what it perceived as the true facts of the offenses when it relied on the PSI, which revealed the true nature of Huntley's offenses. Moreover, none of the factors in R.C. 2929.12(C), which illustrate factors indicating an offense is less serious than normal, apply to Huntley.
 {¶ 7} Since Huntley did not establish disproportionality, the sentence is within the statutory limits, and the sentencing court made the statutorily required findings and reasons in support of its findings, the court did not violate Ohio's felony sentencing scheme. The court's order sentencing Huntley to consecutive four-year terms on three counts of gross sexual imposition is proper in all respects.
JUDGMENT AFFIRMED.
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[1] Huntley, at no time, has appealed his classification as a sexually oriented offender.
[2] All references to the Ohio Revised Code refer to the version of the code in effect at the time of Huntley's offenses.
[3] After Huntley's objections, the court made a finding that the allegations in the PSI were true. Therefore, the court complied with R.C. 2951.03(B)(5), which mandates the court make one of two findings when confronted with objections to a PSI. The court must either "make a finding regarding the allegation" or "make a determination that no finding is necessary * * * because the factual matter will not be taken into account in the sentencing of the defendant." R.C. 2951.03(B)(5)(a) and (b).